United States District Court
Northern District of California

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

TREVOR T., et al.,
Plaintiffs,
v.
CALIFORNIA PHYSICIANS SERVICE,
Defendant.

Case No. 26-cv-03161-JD

**ORDER RE DISMISSAL**

On August 6, 2026, plaintiffs Trevor T. et al. did not appear for the scheduled case management conference. Dkt. No. 70. The Court issued an order directing plaintiffs' attorney Laura Nielson, who is not admitted to practice in this District, to file a pro hac vice application by August 17, 2026, and to show cause why the case should not be dismissed. Dkt. No. 71. In response, attorney Nielson blamed a "calendaring oversight" for the failure to appear at the conference and promised to file a pro hac vice application by August 31, 2026. Dkt. No. 72. That date came and passed without any action by attorney Nielson, and there have been no communications by plaintiffs with the Court since then.

Although the Court is mindful of the interest in resolving cases on their merits, dismissal is warranted here. *See* Fed. R. Civ. P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). Plaintiffs and their attorney have disregarded virtually every order of the Court, and attorney Nielson is still not admitted to practice here even after express prompting by the Court to correct that problem. Despite the dire situation facing them, plaintiffs have stopped communicating with the Court in any respect.

The Court has considered the five factors in *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987). The Court has a heavy docket of pending cases, and the need to

United States District Court
Northern District of California

manage this docket effectively, and the public interest in the expeditious resolution of the litigation, leave no room for cases like this one, which impede the fair and efficient administration of justice. Plaintiffs have demonstrated no interest in, or capacity for, complying with Court orders and procedural rules or prosecuting their claims. With respect to less drastic sanctions, plaintiffs and their attorney were provided with express warnings and given ample opportunity to change their course in a positive direction. They did not do so.

Overall, the cumulative weight of these defaults outweighs the policy favoring disposition of cases on the merits. *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). The case is dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: October 20, 2026

JAMES DONATO
United States District Judge